**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 03-0257** |
| **LOUIS BROWN** | **SECTION "K"(2)** |

### ORDER AND OPINION

Before the Court is the "Motion for Sentence Reduction Under Title 18 United States Code §3582(c)(2)" filed on behalf of defendant Louis Brown (Doc. 1445). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Louis Brown pleaded guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, one count of possession with intent to distribute more than 5 grams of cocaine base, and one count of use of a communication facility in a drug trafficking offense. The Court sentenced defendant, in pertinent part, to a 160 month term of imprisonment on the conspiracy count and the possession count and to a 48 month term of imprisonment on the remaining count. The Court ordered that all of the terms of imprisonment be served concurrently. Doc. 1132. The 160 month term of imprisonment represented a downward departure from the sentencing guideline range of 235 to 293 months. Thereafter the Court denied defendant's attempt to have his sentence reduced concluding that the sentence imposed on defendant "was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range." Doc. 1290

Defendant now seeks a sentence reduction under 18 U.S.C. §3582(c)(2) urging the Court to "use its discretion and grant relief based on the amended change to the drug quantity ration used

to calculate the narcotic that the Defendant was held accountable for." Doc. 1445. Defendant urges that the Court should abandon the "archaic 100 to 1 drug quantity table" used because his drug trafficking offenses involved cocaine base and should instead use a "1 to 1 ratio to calculate the amount of narcotic the defendant was accountable for." The Court carefully considered the relevant facts and law in sentencing defendant to a 160 month term of imprisonment on the drug trafficking convictions, and again carefully considered the facts and law in denying defendant relief in its August 4, 2008 "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2)." In the current motion to reduce sentence defendant has not cited any law or circumstances warranting a reduction of his sentence. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 11th day of July, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE